UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUDREY MITCHELL,<br><br>                      Plaintiff,<br><br>                      -v.-<br><br>BJS WHOLESALE CLUB,<br><br>                      Defendant. | 23 Civ. 724 (KPF)<br><br>**TRANSFER ORDER** |

KATHERINE POLK FAILLA, District Judge:

    On January 27, 2023, Defendant removed this case from the Supreme Court of New York, Queens County, to this Court pursuant to 28 U.S.C. Section 1441. (Dkt. #1). Defendant improperly removed this case to the United States District Court for the Southern District of New York, as "[c]ases may be removed from state court only 'to the [federal] district court ... for the district and division embracing the place where such action is pending.'" *Jackson* v. *City of New York*, No. 07 Civ. 519 (ILG) (RER), 2007 WL 1871511, at *1 (E.D.N.Y. June 28, 2007) (quoting 28 U.S.C. § 1441(a)); *see also, e.g.*, *St. Paul Fire & Marine Ins. Co.* v. *Architron Designers & Builders, Inc.*, No. 05 Civ. 1872 (SJF)(RER), 2007 WL 757910, at *1 (E.D.N.Y. Mar. 8, 2007); *Donamel Floor Contracting Corp.* v. *Dist. Council of New York City & Vicinity of United Bhd. of Carpenters & Joiners of Am. AFL-CIO*, No. 09 Civ. 1630 (RMB), 2009 WL 1024405, at *1 (S.D.N.Y. Apr. 14, 2009). The United States District Court for the Eastern District of New York "embrac[es] the place where" this action was pending prior to removal. *See* United States District Court Eastern District of New York, https://www.nyed.uscourts.gov ("The district comprises the counties of Kings,

Nassau, Queens, Richmond, and Suffolk and concurrently with the Southern District, the waters within the counties of Bronx and New York.").

The Court hereby transfers this case to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. Section 1406(a) because "[r]emoval of an action to an improper district is not a jurisdictional defect, but is akin to an improper venue situation," *Jackson*, 2007 WL 1871511, at *1 (internal quotations omitted), and "[a]n improper designation of venue may be remedied by transferring the action to the proper district," *St. Paul Fire*, 2007 WL 757910, at *1 (citing 28 U.S.C. § 1406(a)); *see also* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall … if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."); *Ullah* v. *Fed. Deposit Ins. Corp.*, 852 F. Supp. 218, 221 (S.D.N.Y. 1994) ("Improper removal to this district of a state court case pending in the Eastern District of New York does not compel remand of the case to the state court so that it can then be removed to the Eastern District. That would bring about additional delay and expense while serving no useful purpose.").

Accordingly, the Clerk of Court is directed to remove this case from this Court's docket and transfer it to the United States District Court for the Eastern District of New York.

SO ORDERED.

Dated: February 1, 2023
       New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

3